UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOY LOUIS RACKLEY,<br><br>              Petitioner,<br><br>     v.<br><br>MARCUS POLLARD, Warden,<br><br>              Respondent. | No.  2:21-cv-01784-DAD-EFB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR HABEAS RELIEF ON THE MERITS<br><br>(Doc. Nos. 1, 23) |

Petitioner is a state prisoner proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 1, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied on the merits.  (Doc. No. 23.)  The findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within fourteen (14) days of the date of their service.  (*Id*. at 17.)  After receiving an extension of time in which to do so (Doc. No. 25), petitioner's objections to the pending findings and recommendations covering twenty pages were timely filed by his counsel on July 14, 2023. (Doc. No. 26.)  On July 17, 2023, respondent filed a reply to petitioner's lengthy objections, merely stating that respondent rested on its answer to the petition. (Doc. No. 27.)

1

In petitioner's objections, his counsel challenges a number of the magistrate judge's findings.  (Doc. No. 26.)   Each of petitioner's specific objections to the pending findings and recommendations will be addressed below.

In his second claim for relief, petitioner argued that he was provided ineffective assistance when his trial counsel failed to obtain a photograph taken of the victim by a sexual assault examiner and failed to present a defense sexual assault expert.  (Doc. No. 1 at 41–46.)  The magistrate judge recommended that relief be denied as to this claim because the California Supreme Court had a reasonable basis for rejecting it since the petitioner had failed to demonstrate that he had suffered any prejudice as a result of the alleged ineffective assistance.[1] (Doc. No. 23 at 13.)  In his objections, petitioner argues that the undersigned should reject the magistrate judge's finding in this regard.  (Doc. No. 26 at 1–8.)  Specifically, petitioner contends that in his state habeas petition, he presented persuasive evidence (on what he characterizes as the central issue) challenging the notion that the victim's genitalia were in any way abnormal in the form of a declaration from expert Dr. Crawford-Jakubiak (Doc. No. 1-6) and that the magistrate judge's characterization of this evidence as weak should be rejected.  (Doc. No. 26 at 3–4.)  In addition, petitioner argues that it is irrelevant that the prosecution did not emphasize the exam, and the condition of the victim's genitals as determined thereby, because the trial judge relied upon such evidence, in part, in finding petitioner guilty.  (*Id.* at 4–8.)  Petitioner's objections in this regard are unpersuasive.

First, as the magistrate judge noted, Dr. Crawford-Jakubiak agreed that the image he reviewed reflected that on the day of the sexual assault examination, the victim was suffering from mild genital redness.  (Doc. No. 1-6 at 3–5.)  It was simply the doctor's stated opinion that the image he reviewed was not abnormal from a forensic standpoint, did not confirm that sexual abuse had occurred in the past, and that there were many non-abuse related reasons for mild genital redness.  (*Id*. at 4–5.)  Such evidence does not appear to necessarily be inconsistent with the examiner's finding of "non-specific: may be caused by sexual abuse or other mechanism."

---

[1] The California Supreme Court summarily denied habeas relief as to this ineffective assistance of counsel claim.  (Doc. No. 17-16.)

(*Id.* at 4.)  As the findings and recommendations note is even more important, the trial judge did not rely on the exam-related evidence in finding petitioner guilty.  (Doc. No. 23 at 13.)  Petitioner argues otherwise.  (Doc. No. 26 at 6.)  However, a review of the record reflects that in announcing his decision finding petitioner guilty of the charges, the trial judge made findings spanning seven pages of the reporter's transcript.  (Doc. No. 17-3 at 187–93.)  Nowhere in those findings did the trial judge refer to the sexual assault exam findings.  Rather, in a single sentence, the trial judge observed only that the victim's mother had testified that the victim's vaginal area was red and inflamed following her staying with petitioner.  (*Id.* at 189: 5–7.)  Notably, the remainder of the trial judge's findings were devoted to detailing all of the reasons, supported by the evidence introduced at trial, why the court found the prosecution's evidence credible and defendant's testimony to lack credibility.  Given this record, it is apparent that petitioner has failed to show that there was no reasonable basis for the California Supreme Court to deny habeas relief as to this aspect of his ineffective assistance of counsel claim.  *See Harrington v. Richter*, 562 U.S. 86, 99 (2011); *Fauber v. Davis*, 43 F.4th 987, 999 (9th Cir. 2022) ("We hold that the state court's rejection of Fauber's *Strickland* claim was not objectively unreasonable because the California Supreme Court could conclude that Fauber failed to establish *Strickland* prejudice.")

      Next, petitioner objects to the recommendation that federal habeas relief be denied as to his *Brady* claim.  (Doc. No. 26 at 9–13.)  Specifically, petitioner objects to the magistrate judge's conclusion that there was a reasonable basis upon which the California Supreme Court could conclude that there was no reasonable probability petitioner would have been acquitted had the prosecution provided to the defense the single photo taken of the victim at the sexual assault examination.[2]  (*Id.* at 9–14) (citing Doc. No. 23 at 15).  The undersigned concludes that petitioner's objection in this regard is also unpersuasive.  As explained above, the victim's mother testified at petitioner's trial that the victim's vaginal area was red and inflamed following her staying with petitioner.  In his habeas petition, petitioner offered only the declaration of a medical expert opining that while the photo taken as part of the sexual assault examination did depict the

---

[2] The California Supreme Court also summarily denied habeas relief as to petitioner's *Brady* claim.  (Doc. No. 17-16.)

1  victim as having mild genital redness, that condition was not abnormal from a forensic
2  standpoint, did not confirm that sexual abuse had occurred in the past, and there were many non-
3  abuse-related reasons for mild genital redness. (Doc. No. 1-6 at 3–5.)[3] Moreover, and as also
4  noted above, the mother's testimony regarding the redness of the victim's genitals cannot be
5  fairly characterized as critical to the trial judge's finding of petitioner's guilt. Rather, the
6  compelling strength of the evidence relied upon by the trial judge in finding petitioner guilty
7  would have remained materially unaffected by the introduction of evidence relating to the exam
8  photograph. *See Richter*, 562 U.S. at 99.

9  Finally, petitioner objects to the conclusion reached in the findings and recommendations
10 rejecting his claims regarding: the sufficiency of the evidence; the alleged ineffective assistance
11 provided by his counsel in failing to call two witnesses; and new evidence of witness coaching at
12 his trial. (Doc. No. 26 at 14–18.)   The pending findings and recommendations addressed these
13 same arguments advanced by petitioner appropriately and in considerable detail. (Doc. No. 23 at
14 8–11, 13–16.)

15 In short, none of the arguments presented in petitioner's objections provides any basis to
16 question the analysis set forth in the findings and recommendations which appropriately
17 addressed each of petitioner's contentions on the merits. In accordance with the provisions of 28
18 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully
19 reviewed the entire file, including petitioner's objections, the undersigned concludes that the
20 magistrate judge's findings and recommendations are supported by the record and proper
21 analysis. Therefore, the findings and recommendations will be adopted.

22 In his objections, petitioner also requests the issuance of a certificate of appealability.
23 (*Id.* at 19–20.) A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal
24 a district court's denial of his petition, and an appeal is only allowed in certain circumstances.
25 *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas
26 petition on the merits, the court may only issue a certificate of appealability if "jurists of reason

---

[3] In light of this record, the court will assume, without deciding, that the photograph in question was evidence favorable to the accused.

4

could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.  In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further.  Therefore, the court will decline to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued June 1, 2023 (Doc. No. 23), are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability (28 U.S.C. § 2253(c)); and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 26, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE